## City of Mattoon v. Bowles.

1. *Assignment of Errors—Abandonment.*—Where an alleged error of the court in giving an instruction is assigned for error, but no specific objection to such instruction is made in the brief of the party complaining, nor any reference to such instruction, such assignment must be considered as waived or abandoned.

**Memorandum.**—Trespass on the case. Appeal from a judgment rendered by the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Circuit Judge, presiding. Heard in this court at the May term A. D. 1892, and affirmed. Opinion filed December 2, 1892.

EMERY ANDREWS, attorney for appellant.

I. B. CRAIG, attorney for appellee.

OPINION BY THE COURT.

The judgment below was against the appellant city in the sum of $150 for damages occasioned to the premises of the appellee by water caused to flow thereon wrongfully, by reason of certain ditches constructed by the city.

Alleged errors of the court in giving instructions to the jury in behalf of the appellee is assigned for error, but no specific objection to such instructions or any of them is made in the brief, nor does the brief contain any reference to such instructions. Such assignment must be considered waived or abandoned. Seaton v. Ruff, 29 Ill. App. 235.

The only grounds for reversal presented by the brief of counsel for the appellant city are, (1) that the appellee purchased the premises in question after the ditches had been constructed, with full knowledge thereof, and is for that reason estopped from claiming or recovering damages; (2) that the damages allowed are excessive. We have read and carefully considered the testimony, and while it is conflicting, we think there is evidence, if accepted by the jury, as it seems to have been, sufficient to sustain the view that the ditches had not been constructed when the appellee became interested as a purchaser in the premises. Moreover, it appears clearly and practically without denial that the city deepened the ditches after the appellee became the owner of the lot, and thereby materially increased the flow of the water, and the consequent injury to the lot.

We see no reason under the evidence to regard the damages as excessive.

The judgment must be and is affirmed.